UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:24-CR-19-REW-HAI-1 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| RON WALTERS, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 46 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Ron Walters's guilty plea and adjudge him guilty of Count One and the forfeiture allegation of the Indictment (DE 10). *See* DE 47 (Recommendation); *see also* DE 45 (Plea Agreement). Judge Ingram expressly informed Walters of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 47 at 2–3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 47, **ACCEPTS** Walters's guilty plea, and **ADJUDGES** Walters guilty of Count One of the Indictment. Further, the Court preliminarily orders forfeiture of the property identified in the indictment (DE 9), per the Plea Agreement (¶ 10) and the minutes from the rearraignment. Absent objection, the preliminary order will become final at sentencing, under the mechanics of Rule 32.2. The Court, at sentencing, will account for any administrative forfeiture or other developments relative to that property.

2. The Court **CANCELS** the jury trial set for January 21, 2025.

3. The Court will issue a separate sentencing order.[1]

This the 4th day of January, 2025.

Signed By:
**Robert E. Wier**   *REW*
**United States District Judge**

---

[1] At the hearing, Judge Ingram remanded Walters to custody. *See* DE 46. This was his status pretrial. *See* DE 8. Absent an intervening order, Walters will remain in custody pending sentencing.